UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| EMPIRE FIRE & MARINE INS. CO., )<br>)<br> Plaintiff, )<br>)<br>V. )<br>)<br>RAVIN HOWARD; ORVILLE GAIL )<br>HOWARD; G&B AMBULANCE )<br>SERVICE, INC.; JEFF FLETCHER; )<br>BARBARA FLETCHER; GARY YATES; )<br>and TONNIE BAUM )<br>)<br> Defendants. )<br>) | Civil Action No. 7: 04-346-DCR<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

          \*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Empire Fire & Marine Insurance Company's ("Empire") motion for summary judgment. [Record No. 21] Empire brought suit in this Court seeking a declaratory judgment that it was not liable under its insurance policy with G&B Ambulance Services ("G&B") for the alleged negligent care given to Ravin Howard following a motorcycle wreck. The underlying suit for negligence is pending in Magoffin Circuit Court. For the reasons discussed herein, the Court will grant Empire's motion.

**I. BACKGROUND**

Ravin Howard was involved in a single-vehicle motorcycle crash in Magoffin County on February 27, 1998. An ambulance operated by G&B and manned by Defendants Jeff Fletcher, Barbara Fletcher, Gary Yates and Tonnie Baum responded to the accident. In the state court negligence proceedings, Howard maintains that G&B:

> through its employees/agents, performed acts of negligence and/or admitted performing acts of negligence which constituted negligence by failing to properly respond, treat and provide proper equipment, including oxygen, for treatment of [Howard].
>
> As a direct and proximate result of the negligence and careless conduct of [G&B], [Howard] suffered injury to his neurological system and other part[s] of his body.

[Record No. 21, Ex. B]

At the time of the accident, G&B had a commercial auto insurance policy ("the Policy") provided by Empire. Empire maintains that the Policy explicitly prohibits coverage for the acts alleged by Howard in his state court negligence action. Accordingly, it filed a motion for declaratory judgment pursuant to 28 U.S.C. § 2201.

## II.   LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue

of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415 (6th Cir. 2002). Once the movant has satisfied this burden, the non-movant must go beyond the assertions made in the pleadings and come forward with specific evidence to demonstrate that there is a genuine issue of material fact. *Id.* The nonmoving party cannot rely upon the assertions in its pleadings; rather, that party must come forward with probative evidence, such as sworn affidavits, to support its claims. *Celotex*, at 324. However, the trial court does not have a duty to search the entire record to establish that it is bereft of any genuine issue of material fact. *In re Morris*, 260 F.3d 654 (6th Cir. 2002). The nonmoving party has an affirmative obligation to direct the court's attention to those specific portions of the record upon which it seeks to rely to create genuine issues of material fact. *Id.* In determining whether there are any genuine issues of material fact, the Court must review all the facts and the inferences drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### III.     ANALYSIS

The Policy provided that "[w]e will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'" [Record No. 21, Ex. C] Expressly excluded from the definition of "bodily injury," however, under an exclusions page bearing the title "PROFESSIONAL SERVICES NOT COVERED," are injuries "resulting from the providing or the failure to provide medical or other professional services." [Record No. 21, Ex. D] Thus, this explicit provision provides that the negligent

rendering of professional services is not covered by the Policy. In addition, the Defendants admit that the copy of the Policy attached by Empire is authentic. [Record No. 21, Ex. E]

While "interpretation of written contract terms is a matter of law for initial determination by the court . . . the job of interpretation is turned over to the fact finder [only when the relevant contract language is determined by the court to be ambiguous.]" *Lincoln Elec. Co. v. St. Paul Fire and Marine Ins. Co.*, 210 F.3d 672, 684-85 (6th Cir. 2000) (quoting *Construction Interior Sys., Inc. v. Marriott Family Restaurants, Inc.*, 984 F.2d 749, 754 (6th Cir. 1993) (modifications in original). Because the present insurance contract unambiguously provides that claims related to the performance of professional services is not covered by the Policy, this is a matter properly resolved on summary judgment.

As an independent basis for finding that Empire is not required to cover any potential liability, it points out that the contract covers only accidents "resulting from the ownership, maintenance or use of a covered 'auto.'" [Record No. 21, Ex. C] It notes that courts from other jurisdictions have held that providing medical services in an ambulance does not qualify as a claim resulting from the ownership, maintenance, or use of a covered vehicle. *See Harry v. Glynn Co., Georgia*, 501 S.E.2d 196 (Ga. 1998); *Bonavita v. City of Dover*, 1985 Del. Super. LEXIS 1350 (Del. Cuper. Ct. 1985). However, because this Court finds that the policy explicitly disclaimed coverage for the performance of professional services, however, it need not consider this issue.

### IV. CONCLUSION

Accordingly, for the reasons discussed herein, it is hereby

**ORDERED** that Empire's motion for summary judgment [Record No. 21] is **GRANTED** and this case is **STRICKEN** from the Court's active docket. A separate Judgment in the Plaintiff's favor will be entered this date.

This 18th day of May, 2005.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge